**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

**CASE NO.:**

HALEY NORMAN,

Plaintiff,

v.

ALDOUS & ASSOCIATES, PLLC,

Defendant.
_______________________________________/

## COMPLAINT

**COMES NOW,** the Plaintiff, HALEY NORMAN, by and through undersigned counsel, and brings this action against the Defendant, ALDOUS & ASSOCIATES, PLLC, and as grounds thereof would allege as follows:

## INTRODUCTION

1. This is an action brought by a consumer for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. The FDCPA prevents debt collectors and persons, respectively, from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

4. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

5. Venue in this District is proper because Plaintiff resides in Kent County, Michigan, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

**PARTIES**

6. At all times material hereto, Defendant, Aldous & Associates, PLLC was and is a Utah professional limited liability company, with its principal place of business at 4625 South 2300 East, Suite 207, Holladay, UT 84117.

7. At all times relevant to this Complaint, Aldous & Associates, PLLC, regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

8. At all times relevant to this Complaint, Aldous & Associates, PLLC, regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

9. At all times relevant to this Complaint, Aldous & Associates, PLLC was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

10. Upon information and belief, the primary function of Aldous & Associates, PLLC's business, is to collect payments due to others.

11. Upon information and belief, Aldous & Associates, PLLC, was hired to collect the disputed debt.

12. The debt that Aldous & Associates, PLLC sought to collect from the Plaintiff is an alleged debt arising from transactions entered into primarily for personal, family or household purposes.

13. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and "consumer" as that term is defined by 15 U.S.C. 1692(a)(3), and/or person with standing to bring a claim under the FDCPA by virtue of being directly affected by violations of the Acts.

14. At all times material hereto, the debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

## BACKGROUND AND GENERAL ALLEGATIONS

15. On or about January 5, 2020, Haley Norman entered into a gym membership agreement with Planet Fitness at their Grand Haven, Michigan location. See attached Planet Fitness Membership Agreement as **Exhibit A**.

16. The Planet Fitness Membership Agreement states, "This membership has a 0-month minimum term. If you have a minimum monthly term, your account below will be billed for a minimum of 0-months and will continue on a month-to-month basis at the monthly rate above until you cancel in accordance with the terms of this agreement." See **Exhibit A**.

17. Moreover, the agreement goes on to state, "To cancel your monthly membership and stop the billing of the Monthly Membership Fee on or around the 17th of the month, the club must receive written notification delivered to the club by the 10th of the month either in person or preferably via certified mail to the club address listed above." See **Exhibit A**.

18. In or about February 2020, Plaintiff canceled her gym membership in accordance with the terms of the membership agreement by providing written notice to the Planet Fitness located in Grand Haven, Michigan. In addition, at the direction of a Grand Haven Planet Fitness employee, Plaintiff completed a membership cancellation form to effectuate the cancellation.

19. Planet Fitness failed to comply with the terms of the parties' agreement by failing to cancel Plaintiff's membership despite Plaintiff's timely and proper request for cancellation.

20. Between February 2020 and February 18, 2026, Plaintiff repeatedly attempted to cancel the Planet Fitness Membership Agreement in accordance with its terms, but Planet Fitness failed and refused to cancel the Agreement.

21. On or about February 19, 2026, Plaintiff went to her credit union, Lake Michigan Credit Union, regarding the difficulties she had experienced attempting to cancel her Planet Fitness gym membership.

22. An employee of Lake Michigan Credit Union informed Plaintiff that she was familiar with Planet Fitness's practice of customers having trouble canceling their memberships. The representative further stated that Lake Michigan Credit Union had an established process for addressing such situations, which included contacting the gym and placing a stop payment on future charges from Planet Fitness.

23. On or about February 19, 2026, the employee of Lake Michigan Credit Union contacted the manager of the Grand Haven Planet Fitness gym and the manager agreed to cancel Plaintiff's gym membership and reimburse her for the last three months of membership dues.

24. On or about February 20, 2026, Plaintiff received a reimbursement from Planet Fitness for the membership dues she paid during the preceding three months.

25. After Lake Michigan Credit Union contacted the Grand Haven Planet Fitness location to cancel Plaintiff's gym membership and Planet Fitness reimbursed Plaintiff for the last three months of membership dues, Planet Fitness nevertheless continued attempting to withdraw funds from Plaintiff's bank account.

26. At some point after February 20, 2026, Planet Fitness retained Defendant to collect the alleged debt from Plaintiff.

27. In or about May 2026, Plaintiff began receiving multiple text messages and

telephone calls from Defendant attempting to collect an alleged debt in the amount of $244.30, which Defendant claimed was owed to Planet Fitness.

28. On or about July 6, 2026, Plaintiff, through Plaintiff's counsel, sent Defendant a debt verification letter. See attached copy of the July 6, 2026, Debt Verification Letter as **Exhibit B**.

29. On the July 16, 2026, Defendant sent a response to Plaintiff's debt verification letter attempting to collect a debt on behalf of Planet Fitness for an amount of $267.36. See attached Defendant's response letter dated July 16, 2026, as **Exhibit C**.

30. Defendant's attempts to collect the alleged debt are unlawful because Plaintiff properly canceled her gym membership on multiple occasions. Moreover, Planet Fitness acknowledged the cancellation on multiple occasions including on February 19, 2026, and reimbursed Plaintiff for the final three months of membership dues. Despite this acknowledgment, Planet Fitness retained Defendant to pursue collection of the purported debt, and Defendant has continued attempting to collect that alleged debt.

**COUNT I-VIOLATION OF FDCPA: 15 USC 1692e**

31. Plaintiff repeats, re-alleges and incorporates by reference herein paragraphs 1 through 30.

32. 15 U.S.C. §1692e states in part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of—
> (A) the character, amount, or legal status of any debt; or
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a

consumer.

15 U.S.C. § 1692e

33. The alleged outstanding debt is a false representation of the amount owed because Plaintiff properly canceled her gym membership with Planet Fitness on multiple occasions.

34. Despite Plaintiff's repeated cancellation requests, Planet Fitness continued attempting to withdraw funds from Plaintiff's bank account, including after Lake Michigan Credit Union contacted the gym and Planet Fitness reimbursed Plaintiff for the last three months of membership dues. Thereafter, Planet Fitness referred the alleged debt to Defendant for collection efforts against Plaintiff.

35. Defendant began contacting Plaintiff via multiple text messages and telephone calls, seeking to collect an alleged debt on behalf of Planet Fitness in the amount of $244.30.

36. As a result, the unlawful charges are a false representation of the amount, character, and legal status of the debt.

37. Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. §1692e.

38. As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to unlawful charges to Plaintiff's account, mental pain and shock, suffering, aggravation, humiliation, embarrassment, and out of pocket expenses such as legal fees, and costs.

39. Plaintiff has hired the undersigned counsel to represent her in this action and has agreed to pay a reasonable attorney's fee.

40. As a result of the above violations of the FDCPA, pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1,000, together with reasonable attorney's fees and court costs.

**COUNT II-VIOLATION OF FDCPA: 15 USC 1692d(5)**

41. Plaintiff repeats, re-alleges and incorporates by reference herein paragraphs 1 through 30.

42. Defendant, through its agents, representatives and/or employees acting within the scope of their authority, has violated the FDCPA in that Defendant caused Plaintiff's telephone with such frequency as to harass Plaintiff in contravention of 15 U.S.C. § 1692d, which states in pertinent part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d

43. Defendant has on many occasions called and texted Plaintiff by telephone directly, multiple times a day, attempting to collect a debt. By virtue of having to handle debt collection calls to Plaintiff's cellular phone multiple times a day, Plaintiff has been harassed and these calls have caused unnecessary strain and burden upon Plaintiff and Plaintiff's family.

44. Defendant's actions of calling Plaintiff continuously and regularly day after day, multiple times a day, reasonably can be expected to have the natural consequences of harassing Plaintiff, which was the intent of Defendant in order to elicit payment from Plaintiff for the alleged debt.

45. Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated 15 U.S.C. § 1692d(5).

46. As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged. The damages to Plaintiff include, but are not necessarily limited to, emotional distress in the form of aggravation, humiliation, embarrassment, anxiety, anguish, depression and loss of enjoyment of life.

47. Plaintiff has hired the undersigned counsel to represent her in this action and has agreed to pay a reasonable attorney's fee.

48. As a result of the above violations of the FDCPA, pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000, together with reasonable attorney's fees and court costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Haley Norman, respectfully asks this Court to enter an order granting judgment for the following:

(a) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k; and

(b) Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, HALEY NORMAN, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ *Anthony C. Norman*
Anthony C. Norman, Esq.
Michigan Bar No.: P82632

E-mail: Anthonynormanjd@gmail.com
*Attorney for Plaintiff*
4455 13 Mile Rd NE
Rockford, MI 49341
Telephone: (616) 307-1725